**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 06-004456 |
| DANIEL L. GROGAN, | ) | Honorable Bruce W. Black (Joliet) |
| | ) | |
| Debtor. | ) | Hearing: August 20, 2010 at 9:15 am (Joliet) |

**OBJECTION TO TRUSTEE'S FINAL REPORT
AND SUMMARY OF FINAL REPORT AND APPLICATIONS FOR COMPENSATION**

THE STOUGH GROUP, INC. ("Stough") and MYERS COMMONS SENIOR HOUSING I, LP ("Myers"), by its undersigned attorneys, hereby object (the "Objection") to the Trustee's Final Report ("Final Report" - docketed as Doc #158) and the Summary of Trustee's Final Report and Applications for Compensation ("Summary & Application" - docketed as Doc #159) on the basis that Stough and Myers should be shown as general unsecured creditors with allowed claims in both. For and in support of its Objection, Stough and Myers state:

1.      Stough timely filed a complaint in the matter of The Stough Group, Inc. v. Daniel L. Grogan, Adversary No. 06-1294 ("Adversary"), objecting to the discharge of debts owed to Stough by Daniel Grogan with respect to a project to construct an affordable senior housing development in Darien, Illinois.

2.      Myers would have had the right to intervene in the Adversary based on the same facts and the same grounds of non-dischargeability asserted in the Adversary but did not formally intervene as Daniel Grogan agreed to include Myers in the settlement of the Adversary.

3.      Stough, Myers and one other creditor entered into an Inter-Creditor & Debtor Settlement Agreement ("Settlement Agreement") in settlement of the Adversary, among other things. Pursuant to the Settlement Agreement, this Court entered a non-dischargeable judgment in favor of Stough and Myers and against Daniel Grogan ("Judgment") in an amount comprised

of (i) the actual amount, but an amount not to exceed one hundred thousand dollars ($100,000), of attorneys' fees that Stough and Myers have paid and will pay relative to the subject matter of the Adversary and the State Court Litigation (as defined in the Judgment), less any attorneys' fees that Stough and Myers actually recover in the State Court Litigation; plus (ii) the amount of any settlement paid by Stough and/or Myers and/or the amount of any judgment entered in favor of the mechanics lien claimants against Stough and/or Myers in the State Court Litigation. A copy of the Judgment is attached hereto as Exhibit A.

4. Stough and Myers incurred attorneys' fees in excess of $100,000 and paid $334,000 in settlement to the lien claimants in the State Court Litigation. Stough and Myers did not recover any attorneys' fees as part of the State Court Litigation. Accordingly, Stough and Myers have a non-dischargeable judgment in their favor and against Daniel Grogan in the amount of $434,000.

5. In light of the Judgment, Stough and Myers should be included in the Final Report and the Summary & Application as general unsecured creditors with allowed claims.

WHEREFORE, THE STOUGH GROUP, INC. and MYERS COMMONS SENIOR HOUSING I, LP respectfully request that the Final Report and the Summary & Application not be approved until it is amended to include Stough and Myers as general unsecured creditors with allowed claims for the reasons set forth above and that the Court grant to Stough and Myers such other and further relief as the Court deems just and equitable.

[Remainder of page intentionally left blank]

Date:  August 5, 2010	Respectfully submitted,
	THE STOUGH GROUP, INC. and
	MYERS COMMONS SENIOR HOUSING I, LP

	By:    /s/  Heidi H. Rowe
	       One of its attorneys
	       Eugene J. Geekie, Jr.
	       Heidi H. Rowe
	       SCHIFF HARDIN LLP
	       6600 Sears Tower
	       Chicago, Illinois  60606
	       (312) 258-5500 (phone)
	       (312) 258-5600 (facsimile)