IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 06-004456 |
| DANIEL L. GROGAN, | ) | Honorable Bruce W. Black (Joliet) |
| | ) | |
| Debtor. | ) | Hearing: August 20, 2010 at 9:15 am (Joliet) |

**AGREED ORDER ALLOWING UNSECURED CLAIMS
AND AMENDING TRUSTEE'S FINAL REPORT**

THIS MATTER coming to be heard on the Objection to Trustee's Final Report and Summary of Final Report and Applications for Compensation ("Objection") filed by The Stough Group, Inc. ("Stough") and Myers Commons Senior Housing I, LP ("Myers") and the Proofs of Claim filed by Stough and Myers, respectively, due notice having been given, and the Court having jurisdiction over this core proceeding and being fully advised in the premises,

IT IS HEREBY AGREED AND STIPULATED THAT:

1. This Court entered a non-dischargeable judgment in favor of Stough and Myers and against the debtor, Daniel Grogan, by order dated March 13, 2009 ("Judgment") in the matter of <u>The Stough Group, Inc. v. Daniel L. Grogan</u>, Adversary No. 06-1294. A true and correct copy of the Judgment is attached hereto as <u>Exhibit A</u>.

2. On August 19, 2010, Stough filed an amended proof of claim in the amount of $334,000, and Myers filed a proof of claim in the amount of $100,000, with documents reflecting attorneys' fees in excess of $100,000.

3. Stough is a general unsecured creditor with an allowed claim in the amount of $334,000 ("Stough Allowed Claim").

4. Myers is a general unsecured creditor with an allowed claim in the amount of $100,000 ("Myers Allowed Claim").

1

5. The Trustee's Final Report (docketed as Doc #158 in the Bankruptcy Docket) and the Trustee's Summary of Final Report and Applications for Compensation (docketed as Doc #159 in the Bankruptcy Docket) should be amended to include Stough and Myers as general unsecured creditors with allowed claims in the amount of the Stough Allowed Claim and the Myers Allowed Claim, respectively.

6. Stough and Myers acknowledge that no distribution will be made to Stough, Myers or the other general unsecured creditors under the Trustee's Final Report.

7. The Objection of Stough and Myers is withdrawn, effective upon entry of this Agreed Order. If the Court does not enter this Agreed Order, the Objection is not withdrawn.

IT IS THEREFORE ORDERED THAT:

A. The stipulations set forth herein are hereby approved;

B. Stough is a general unsecured creditor with an allowed claim in the amount of $334,000 ("Stough Allowed Claim");

C. Myers is a general unsecured creditor with an allowed claim in the amount of $100,000 ("Myers Allowed Claim");

D. The Trustee's Final Report (docketed as Doc #158 in the Bankruptcy Docket) and the Trustee's Summary of Final Report and Applications for Compensation (docketed as Doc #159 in the Bankruptcy Docket) shall be amended to include Stough and Myers and general unsecured creditors with allowed claims in the amount of the Stough Allowed Claim and the Myers Allowed Claim, respectively; and

E. The Objection filed by Stough and Myers is hereby withdrawn, effective as of the date of this Order.

**AGREED AS TO SUBSTANCE AND FORM:**

_____
Michael G. Berland
1 North LaSalle Street
Suite 1775
Chicago, IL  60602
(312) 855-1272

*[handwritten: solely as trustee of Gnagorn CB 4456]*

_____
The Stough Group, Inc.
By its attorney:
Eugene J. Geekie, Jr. (ARDC 6195060)
Heidi H. Rowe (ARDC 6275815)
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, Illinois 60606
(312) 258-5500

_____
Myers Commons Senior Housing I, LP
By its attorney:
Eugene J. Geekie, Jr. (ARDC 6195060)
Heidi H. Rowe (ARDC 6275815)
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, Illinois 60606
(312) 258-5500

ENTER:

_____
UNITED STATES BANKRUPTCY JUDGE

CH2\8989748.6

*[stamp: 2 0 AUG 2010]*

3

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:<br>Daniel L. Grogan,<br>　　　　　Debtor, | )<br>)<br>)<br>) | Case No. 06-04456<br><br>Chapter 7 |
| Eagle Concrete, Inc.,<br>　　　　　Plaintiff, | )<br>)<br>) | Judge: Bruce W. Black (Joliet) |
| v. | )<br>) | Trustee: Michael G. Berland<br>One North LaSalle St., Ste. 1775 |
| Daniel L. Grogan,<br>　　　　　Defendant. | )<br>)<br>) | Chicago, Illinois 60602<br><br>Adv Proc No. 06-01288 |
| The Stough Group, Inc.,<br>　　　　　Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Adv. Proc. No. 06-01294 |
| Daniel L. Grogan,<br>　　　　　Defendant. | )<br>)<br>) | |

**INTER CREDITOR & DEBTOR SETTLEMENT AGREEMENT AND ORDER**

THIS SETTLEMENT AGREEMENT ("Agreement") made this 6TH day of March, 2009, by, between and among DANIEL GROGAN, EAGLE CONCRETE, INC. ("Eagle"), THE STOUGH GROUP, INC. ("Stough") and MYERS COMMONS SENIOR HOUSING I, LP ("Myers"). (Daniel Grogan, Eagle, Stough and Myers may be referred to herein individually as "Party" or collectively as the "Parties.")

WHEREAS, Daniel Grogan was the 100% owner of Comstock Earthmoving, Inc., which made an assignment for the benefit of creditors and ceased operations in 2006;

WHEREAS, Daniel Grogan filed a personal Chapter 7 Bankruptcy Petition on or about April 20, 2006;

WHEREAS, Eagle and Stough timely filed complaints objecting to the discharge of debts claimed to be owed to each of them by Daniel Grogan and seeking judgments for the amounts claimed to be due with respect to a project to construct an affordable senior housing development in Darien, Illinois ("Eagle Adversary" and the "Stough Adversary," respectively);

Page 1 of 6

WHEREAS, Myers would have the right to intervene in the Stough Adversary based on the same facts and the same grounds of non-dischargeability asserted in the Stough Adversary;

WHEREAS, Eagle and other subcontractors filed mechanics lien foreclosure litigation against Stough, Myers, and others in Illinois state court arising out of the same facts alleged in the Stough Adversary and the Eagle Adversary, which state court action is pending as *Vulcan Construction Materials, LP v. West Suburban Bank, et. al.*, Case No. 06 CH 187, in DuPage County, Illinois (the "State Court Litigation");

WHEREAS, Daniel Grogan filed answers in the Stough Adversary and the Eagle Adversary asserting that the claims of Eagle and Stough were both dischargeable; and

WHEREAS, the Parties agree that it is in their respective best interests to settle and compromise the claims of Stough and Eagle against Daniel Grogan and the potential claims of Myers against Daniel Grogan to avoid the uncertainty of litigation, legal costs and the uncertainty of collecting any judgment;

NOW THEREFORE, the Parties agree as follows:

1. Subject to terms of this Agreement, Daniel Grogan agrees to the simultaneous entry of non-dischargeable judgments in the Stough and Eagle Adversaries, respectively, as follows:

   a. Daniel Grogan agrees to entry of a non-dischargeable judgment against Daniel Grogan and in favor of Eagle in the Eagle Adversary in the amount of $381,615.00 (the "Eagle Judgment"); and

   b. Daniel Grogan agrees to entry of a non-dischargeable judgment against Daniel Grogan and in favor of Stough and Myers in the Stough Adversary that is comprised of (A) the actual amount, but an amount not to exceed one hundred thousand dollars ($100,000.00), of attorneys' fees that Stough and Myers have paid and will pay relative to the subject matter of the Stough Adversary and the State Court Litigation, less any attorneys' fees that Stough and Myers actually recover in the State Court Litigation; plus (B) the amount of any settlement paid by Stough and/or Myers and/or the amount of any judgment entered in favor of the mechanics lien claimants against Stough and/or Myers in the State Court Litigation (the "Stough/Myers Judgment").

    2.     No post judgment interest shall accrue on the Eagle Judgment or the Stough/Myers Judgment.

    3.     Eagle, Stough and Myers agree to reduce their respective judgments and claims as follows:

    a. Eagle agrees to reduce the Eagle Judgment to the extent that Eagle recovers any payment from Stough and/or Myers on its claim in the State Court Litigation, whether such recovery be made by settlement, judgment, or otherwise;

    b. Eagle agrees to reduce its claim, settlement amount, or any judgment that it has or may be entitled to recover against Stough and Myers in the State Court Litigation to the extent that Eagle recovers any payment from Daniel Grogan on the Eagle Judgment; and

    c. Stough and Myers, as applicable, agree to reduce the Stough/Myers Judgment to the extent that Eagle reduces its claim, settlement amount, or judgment against Stough and Myers as set forth in Paragraph 3(b) above.

    d. The intent is that only one recovery may be made from Daniel Grogan on account of Eagle's claim and that portion of Stough's and/or Myer's claim which includes Eagle's claim.

    4.     Eagle, Stough, and Myers agree to forbear from execution on their respective judgments until after the State Court Litigation has concluded.

    5.     Daniel Grogan, Eagle, Stough, and Myers each separately acknowledge that they have had the opportunity to be represented by counsel in connection with the negotiation of this Agreement, and that they understand the terms of this Agreement and have entered into this Agreement freely and voluntarily and without coercion and undue influence.

    6.     If any term, provision, covenant, or condition of this Agreement or the application thereof to any person, entity or circumstance shall to any extent be or be declared to be invalid or unenforceable, the remainder of this Agreement, including any judgment entered hereto, or the application of such provision, term, covenant, or condition to any other person, entity, or circumstance, shall not be affected thereby, and each other provision, term, covenant, or condition of this Agreement shall be valid and enforceable to the full extent permitted by law.

7. This Agreement shall become binding and effective upon approval of the U.S. Bankruptcy Court.

8. Daniel Grogan agrees that the claims of Eagle, Stough, and Myers are non-dischargeable in full under applicable bankruptcy statute and law, and Daniel Grogan agrees that non-dischargeable judgments shall be entered in the amounts stated in Paragraph 1 above. Except as set forth in Paragraph 3 above, this Agreement and Order shall not:

   a. affect the State Court Litigation or any other litigation that may arise between Eagle, Stough, Myers, and the other parties;

   b. limit the amount or method of calculation of Eagle's, Stough's, or Myers' claims or defenses in the State Court Litigation;

   c. be used or pled as either a claim or defense to any claim for or against Eagle, Stough, or Myers. Neither the existence of nor any part of this Agreement and Order shall be interpreted as an admission of any fact or statement of law in the State Court Litigation or any other litigation pending now or in the future.

9. The Recitals are incorporated herein as though fully set out herein.

10. This Agreement may be executed in one or more counterparts and, provided that each Party shall sign at least one counterpart, all such counterparts together shall constitute one agreement binding upon the Parties, even if all Parties do not sign to the same counterpart.

Dated: 3-6-09                               _____
                                            Daniel Grogan

Dated: 3-6-09                               _____
                                            Eagle Concrete, Inc.

Dated: _____                      _____
                                            The Stough Group, Inc.

Dated: _____                      _____
                                            Myers Commons Senior Housing I, LP

7. This Agreement shall become binding and effective upon approval of the U.S. Bankruptcy Court.

8. Daniel Grogan agrees that the claims of Eagle, Stough, and Myers are non-dischargeable in full under applicable bankruptcy statute and law, and Daniel Grogan agrees that non-dischargeable judgments shall be entered in the amounts stated in Paragraph 1 above. Except as set forth in Paragraph 3 above, this Agreement and Order shall not:

   a. affect the State Court Litigation or any other litigation that may arise between Eagle, Stough, Myers, and the other parties;
   b. limit the amount or method of calculation of Eagle's, Stough's, or Myers' claims or defenses in the State Court Litigation;
   c. be used or pled as either a claim or defense to any claim for or against Eagle, Stough, or Myers. Neither the existence of nor any part of this Agreement and Order shall be interpreted as an admission of any fact or statement of law in the State Court Litigation or any other litigation pending now or in the future.

9. The Recitals are incorporated herein as though fully set out herein.

10. This Agreement may be executed in one or more counterparts and, provided that each Party shall sign at least one counterpart, all such counterparts together shall constitute one agreement binding upon the Parties, even if all Parties do not sign to the same counterpart.

Dated: _____    _____
                                  Daniel Grogan

Dated: _____    _____
                                  Eagle Concrete, Inc.

Dated: 3/8/09                     _____
                                  The Stough Group, Inc.

Dated: 3/8/09                     _____
                                  Myers Commons Senior Housing I, LP

## AGREED ORDER

**IT IS THEREFORE ORDERED AS FOLLOWS:**

A. Pursuant to the Agreement stated above which is incorporated herein, the complaints and claims of Eagle and Stough, as well as any claim that Myers may or could have brought, objecting to the discharge of Daniel Grogan are sustained, and those claims are ordered to be non-dischargeable debts of Daniel Grogan.

B. A non-dischargeable judgment is entered in favor of Eagle and against Daniel Grogan in the principal amount of $381,615.00.

C. A non-dischargeable judgment is entered in favor of Stough and Myers and against Daniel Grogan in an amount comprised of (i) the actual amount, but an amount not to exceed one hundred thousand dollars ($100,000.00), of attorneys' fees that Stough and Myers have paid and will pay relative to the subject matter of the Stough Adversary and the State Court Litigation, less any attorneys' fees that Stough and Myers actually recover in the State Court Litigation; plus (ii) the amount of any settlement paid by Stough and/or Myers and/or the amount of any judgment entered in favor of the mechanics lien claimants against Stough and/or Myers in the State Court Litigation.

D. The judgments in favor of Eagle, Stough and Myers shall be reduced in accordance with, and only to the extent provided by, the terms of the Agreement.

E. No post judgment interest shall accrue on the judgments in favor of Eagle, Stough and Myers.

F. Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Agreement.

G. The terms of the Agreement of the Parties stated above are entered as an Order of this Court.

H. This Order is fully enforceable as a judgment against Daniel Grogan. Eagle, Stough and Myers may execute upon and proceed to collect their respective, non-dischargeable judgments after the conclusion of the State Court Litigation, without leave of the bankruptcy court and in accordance with the terms of the Agreement and Order recited herein.

I. The Bankruptcy Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Agreement and this Order.

Dated: 3-19-09

_____
Judge Bruce W. Black

3/19/09

**AGREED TO BY THE PARTIES:** this 6TH day of March, 2009.

_____
Daniel L. Grogan

_____
Eagle Concrete, Inc.

By its attorney:
Paul L. Greviskes (ARDC 01056840)
Law Office of Paul L. Greviskes
109 E Wilson Street
Batavia, Illinois 60510
(630) 879-8383

_____
The Stough Group, Inc.

_____
Myers Commons Senior Housing I, LP

By its attorney:
Eugene J. Geekie, Jr. (ARDC 6195060)
Heidi H. Rowe (ARDC 6275815)
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
(630) 258-5500

By its attorney:
Eugene J. Geekie, Jr. (ARDC 6195060)
Heidi H. Rowe (ARDC 6275815)
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
(630) 258-5500

CH2\7129181.3